## Case No. 151.

### In re ALDEN.

[16 N. B. R. (1877.) 30; 23 Int. Rev. Rec. 234, 282, 9 Chi. Leg. News, 346; 25 Pittsb. Leg. J. 4.]

### District Court, D. Maine.

BANKRUPTCY — SALE OF REALTY BY ASSIGNEE — CONFIRMATION—LIABILITY OF PURCHASER.

[The purchaser of real estate in Illinois from an assignee in bankruptcy in the district of Maine, at a sale ordered by the register in bankruptcy, is not, under the established practice of that district, entitled to a confirmation of the sale by the court wherewith to perfect his title according to the laws of Illinois, but must establish his title whenever the occasion may arise.]

[In bankruptcy. Petition by Edward Alden for a confirmation by the court of a sale to him by the assignee in bankruptcy of Hiram O. Alden of certain real estate in Illinois, in order to perfect his title according to the laws of that state. Denied.]

Upon the application of the assignee of Hiram O. Alden, bankrupt, the register in charge of said cause, March 24, A. D. 1877, pursuant to 19th rule in bankruptcy of said court, issued to said assignee an order concerning sale of property by assignee, by which said assignee was ordered to sell at public auction certain real estate belonging to said bankrupt's estate, situate in the state of Illinois. Under this order of the court, the assignee advertised said property for sale at public auction in the manner provided by law. Said sale being advertised once a week, for three successive weeks, in the Republican Journal, a newspaper published in Belfast, county of Waldo, in said district of Maine, and being the newspaper regularly designated by the judge of said court for the publication of all notices of proceedings in bankruptcy in Waldo county. At the auction sale of the above premises, pursuant to the aforesaid advertisements, the lands in Illinois were bid off by Mr. Edward Alden, of Boston, who, thereupon, petitioned the court to approve and confirm said sale, and grant him a certificate of such confirmation under the seal of said court, with the view of enabling him, said purchaser, as he alleges, to perfect his title to said premises in accordance with the laws of the state of Illinois and the rules of

the courts of said state regulating the transfer of real estate. The register declined to issue such a certificate, and, on application of the petitioner, certified to the court that all the proceedings attending said sale had been regular, and were in accordance with the law and the rules of this court. The court thereupon passed the following order:

FOX, District Judge. The established practice in this district is for the court not to confirm any sales made by an assignee, but to leave the purchaser to establish his title whenever the occasion may arise. Such was the ruling in Donnell's Case, [Case No. 3,986a.] in Cumberland county, and it has ever since been adhered to.